UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 815-1 |
| | ) | Judge Rebecca Pallmeyer |
| JOHN SCHWAB | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On December 7, 2007, a superseding information was filed charging defendant JOHN SCHWAB, and others, with mail fraud offenses pursuant to the provisions of 18 U.S.C. § 1341, among other violations;

(b) The superseding information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On January 8, 2008, pursuant to Fed. R. Crim. P. 11, defendant JOHN SCHWAB entered a voluntary guilty plea to Counts One and Ten of the superseding information, thereby making certain property subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d) Pursuant to the terms of the plea agreement, as a result of his violation of 18 U.S.C. § 1341 as set forth in the superseding information, defendant JOHN SCHWAB agreed that certain property, namely, funds in the amount $399,000, is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) because those funds constitute proceeds of the

mail fraud violations charged in Count One of the superseding information;[1]

(e)     Further, defendant JOHN SCHWAB agreed to the entry of a forfeiture judgment in the amount of $399,000, and agreed to the entry of a preliminary order of forfeiture in that amount;

(f)     If any of the funds in the amount of $399,000, as result of any act or omission on the part of the defendant:

1.  cannot be located upon the exercise of due diligence;

2.  has been transferred or sold to, or deposited with, a third party;

3.  has been placed beyond the jurisdiction of the Court;

4.  has been substantially diminished in value; or

5.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant JOHN SCHWAB up to the value of the money judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the judgment entered by the Court;

(g)     Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and to the terms of defendant JOHN SCHWAB's plea agreement, the United States seeks forfeiture of all right, title, and interest that defendant JOHN SCHWAB may have in the foregoing funds in the amount of $399,000, so that the funds may be disposed of according to law;

---

[1]     An "Amendment To Plea Agreement" will be filed with the Court on May 12, 2008 during Mr. Schwab's sentencing hearing. The content of the Amendment has already been agreed upon by the parties. The Amendment sets the amount of the Forfeiture Judgment against Mr. Schwab at $399,000 rather than $461,000.

2

(h) Pursuant to Title 21, United States Code, Section 853(i)(1), as incorporated by 28 U.S.C. § 2461(c), the Attorney General is authorized to:

> grant petitions for mitigation or remission of forfeiture, *restore forfeited property to victims of a violation of this subchapter*, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section [emphasis added].

(i) Accordingly, upon entry of a final order of forfeiture, matters relating to restitution will be submitted to the Attorney General for consideration. The government shall request that any funds paid in satisfaction of the forfeiture judgment be restored to the victim as identified in any restitution judgment entered by the Court;

(j) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant JOHN SCHWAB and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, a judgment is entered against defendant JOHN SCHWAB in the amount of $399,000. It is further ordered,

2. That, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Fed. R. Crim. P. 32.2, and to the terms of his plea agreement, all right, title and interest of defendant JOHN SCHWAB in funds in the amount of $399,000, is hereby forfeit to the United States of America for disposition according to law. It is further ordered,

3. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant JOHN SCHWAB and shall be made part of any judgment and commitment order entered in this case against him. It is further ordered,

4. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

REBECCA PALLMEYER
United States District Court

DATED: May 14, 2008