```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
             Plaintiff,        )   Docket No. 07 CR 815-1
                               )
        vs.                    )
                               )
JOHN SCHWAB,                   )   Chicago, Illinois
                               )   May 12, 2008
             Defendant.        )   1:13 p.m.


           TRANSCRIPT OF PROCEEDINGS - Sentencing
         BEFORE THE HONORABLE REBECCA R. PALLMEYER


APPEARANCES:

For the Plaintiff:        HON. PATRICK J. FITZGERALD
                          UNITED STATES ATTORNEY
                          BY: MS. LAURIE J. BARSELLA
                          219 South Dearborn, 5th Floor
                          Chicago, Illinois  60604


For the Defendant:        MR. ALAN R. BRUNELL
                          14315 South 108th Avenue, Suite 222
                          Orland Park, Illinois  60462



Also Present:             Ms. Sheila Lavin, U.S. Probation




Court Reporter:           FRANCES WARD, CSR, RPR, FCRR
                          Official Court Reporter
                          219 S. Dearborn Street, Suite 2118
                          Chicago, Illinois  60604
                          (312) 435-5561
                          frances_ward@ilnd.uscourts.gov
```

```
 1              THE COURT:  We are here for sentencing in United
 2    States of America versus John Schwab, No. 2007 CR 815.
 3              And if I could have your appearances.
 4              MS. BARSELLA:  Laurie Barsella for the United
 5    States.
 6              THE COURT:  Good afternoon, Ms. Barsella.
 7              MR. BRUNELL:  Good afternoon, your Honor.
 8              Alan Brunell for Mr. Schwab, who is present, to my
 9    immediate left.
10              MS. LAVIN:  Sheila Lavin from U.S. Probation.
11              THE COURT:  Good afternoon.
12              I am sorry to keep you waiting.
13              I know, Mr. Schwab, this is not the easiest of days
14    for you, and I realize sitting around that much longer just
15    makes it all the worse.  So I apologize.
16              But I am prepared to go ahead this afternoon.
17              Is everybody else ready as well?
18              MR. BRUNELL:  We are.
19              MS. BARSELLA:  Yes, Judge.
20              There is just a couple of preliminary matters I
21    just want to make sure that we are handling.
22              THE COURT:  Sure.
23              MS. BARSELLA:  There was an amendment to the plea
24    agreement that has been executed by the parties.
25              And, basically, Judge, this deals with Paragraph 17
```

1  and Paragraph 20 of the plea agreement.
2              THE COURT:  Okay.  I am looking at those.
3              MS. BARSELLA:  Basically, for Paragraph 17 the
4  parties have added that they agree that the defendant shall
5  also pay restitution to the Village of Bolingbrook in the
6  amount of $62,000, which represents the amount of the loss to
7  the village through the stipulated offense that was set forth
8  in Paragraph 8(c).
9              So because restitution can be -- defendants can
10 agree to restitution that is beyond the crime of conviction,
11 the parties have agreed that the restitution in this case
12 will include the 62,000 for the stipulated offense.
13             THE COURT:  That's agreed?
14             MR. BRUNELL:  Yes, your Honor.
15             MS. BARSELLA:  And then, with regard to Paragraph
16 20, the forfeiture judgment against him needs to be confined
17 to the offense of conviction.  And so therefore, the correct
18 amount for the forfeiture should be $399,000.
19             And so we wanted to correct that, Judge.
20             MR. BRUNELL:  And there is no objection to either
21 of those amendments.
22             THE COURT:  In other words, the restitution amount
23 should include an additional $62,000, and the forfeiture
24 amount should include $62,000 less.
25             MS. BARSELLA:  Correct.  That's correct.

1         So I can hand that up to the Court.
2         THE COURT:  That would be great.
3         (Document tendered.)
4         MS. BARSELLA:  In addition, the government filed a
5    motion for entry of a preliminary order of forfeiture.
6         And I am told by my colleague that the actual order
7    was sent to the Court electronically.
8         I don't know -- does the Court have it?  I have a
9    hard copy of it.
10        THE COURT:  I am pretty sure I have it, but if you
11   could hand up a hard copy, that would probably make it easier
12   for us.
13        MR. BRUNELL:  Judge, we have been provided with a
14   copy of that, and we have no objection to it.  We have gone
15   over it, and it is, in our opinion, correct.
16        THE COURT:  So no problem with that either?
17        MR. BRUNELL:  No, your Honor.
18        THE COURT:  All right.
19        MS. BARSELLA:  Finally, one more thing, and that is
20   that, Judge, I believe when we had the plea hearing where the
21   guilty plea was entered, several days later the Court of
22   Appeals issued a decision talking about that when there is a
23   waiver of appellate rights, that that needs to be very
24   specifically gone through.
25        And so I don't know whether we were specific enough

1  at the time that we took the plea. So perhaps at the
2  sentencing phase, we can go over that ground again.
3              MR. BRUNELL: Judge, for the record, we have gone
4  over -- I have gone over with Mr. Schwab the appellate waiver
5  issues as outlined and in detail with him.
6              If the Court wishes to do more specifically, that's
7  fine, but I believe we went through it at the time of the
8  plea, and we have no objection. We understand what we are
9  waiving.
10             THE COURT: You know, I'm, I think, excessively
11 cautious about this because I always feel like I am the one
12 who will be -- put the test case up there.
13             But in any case -- and I am reasonably sure,
14 Mr. Schwab, that we went over this once before, but I am just
15 going to remind you that if you look at Page 23 of your plea
16 agreement, starting about the middle of the page --
17 Paragraph C and continuing on, you indicated there that you
18 will not be taking an appeal from the sentence as long as I
19 go along with what the parties have agreed to.
20             You understand that?
21             THE DEFENDANT: Yes, ma'am.
22             THE COURT: I think we talked about this, but I
23 think I should make it clear.
24             Not only are we talking about a direct appeal --
25 meaning you are unhappy today, you file an appeal tomorrow --

1   but in addition, sometimes a few months down the road people
2   have second thoughts and they file what's called a
3   postconviction petition.  Sometimes we call it a federal
4   habeas.  Sometimes we judges call it a 2255.  We will
5   sometimes say, we see the 2255 coming, meaning we know that
6   somebody is going to challenge this.
7           But you understand, you have given up that right as
8   well.  You understand that?
9           THE DEFENDANT:  Yes.
10          THE COURT:  And that's in return for what you
11  understand will be the government's motion with respect to
12  your sentence; is that right?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Anything else that we should go over?
15          MR. BRUNELL:  No, your Honor.  I believe that would
16  be the only issue because of the recent opinion.
17          THE COURT:  And I do have Ms. Lavin's report before
18  me this afternoon, very comprehensive report.
19          Have you had a chance to review this report,
20  Mr. Schwab?
21          THE DEFENDANT:  Yes, ma'am.
22          THE COURT:  And you talked it over with
23  Mr. Brunell, correct?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Any question, concerns, objections that

1   you may have?

2   THE DEFENDANT:  None.

3   THE COURT:  Do you think her findings need to be
4   changed in any way?

5   THE DEFENDANT:  No.  We worked together very well
6   with it, and I think she was happy with it.  It looked all
7   accurate.

8   THE COURT:  It appears accurate to you.

9   THE DEFENDANT:  Uh-huh.

10  THE COURT:  All right.

11  In that case, I am ready to hear first from the
12  government and then from Mr. Brunell.

13  And, Mr. Schwab, you, too, will have an opportunity
14  to make a statement before sentence is imposed.

15  MS. BARSELLA:  Judge, as this Court has seen in the
16  cases that have been brought regarding this matter, this is a
17  very serious offense.

18  Basically, we have a defendant who had a very high
19  level of responsibility in the Village of Bolingbrook, and he
20  abused that responsibility.  And as a result, the Village of
21  Bolingbrook was victimized.

22  And the victims are the citizens and the taxpayers
23  of the Village of Bolingbrook with regard to the fraud count
24  in the indictment, to which he has pled guilty.

25  And the citizens and the taxpayers had to pay for a

1　wasteful system that was fueled by kickbacks.

2　　　　The scheme was an organized effort by the defendant
3　and certain vendors to use public funds in order to
4　personally enrich themselves and to, essentially, steal from
5　the taxpayers.

6　　　　And crimes like this, and this crime as well,
7　deprive the village and its citizens of the honest services
8　of its public servants.  And they were entitled to those
9　honest services.

10　　　　Public employment is a privilege that carries with
11　it the obligation to render honest services, and the
12　defendant failed to fulfill that obligation.

13　　　　These types of crimes cause the citizens, who
14　deserve transparent, honest government, to view government
15　with cynicism.  And that undermines the trust that the
16　government needs from its citizens in order to function
17　effectively.  And it also -- crimes like this demean those
18　public servants who genuinely do serve the public.

19　　　　In addition, Judge, because there is also a tax
20　count here, a tax fraud, again, it's basically the government
21　as a whole that suffers when people are not honest in their
22　tax filings.

23　　　　So it is very much a very serious offense.

24　　　　And I also -- as I mentioned in the government's
25　version, when Mr. Schwab was first alerted to the fact that

1  the Bolingbrook police were investigating these crimes, the
2  Bolingbrook police were looking into the misuse of the credit
3  cards of the village. And the defendant at first ran out and
4  tried to cover his tracks by purchasing items to make believe
5  that he didn't use the village's credit cards.
6         However, Judge, once the Bolingbrook police saw
7  that he was out there doing that and confronted him, he
8  immediately confessed and said that he was trying to cover
9  his tracks.
10         And after that, when the FBI got involved in the
11  case, the defendant was very cooperative. He completely
12  confessed to his wrongdoing with both the credit card fraud
13  as well as he told the FBI about the kickback scheme.
14         So, Judge, the defendant, on his own, told the
15  government about the whole kickback scheme that he had
16  basically formulated with, at first, Donald Ralls.
17         So that level of cooperation is very, very high,
18  Judge.
19         And we believe that Mr. Schwab has been very
20  forthcoming. He has looked over documents, whenever the
21  government has asked him to, in order to try to help the
22  government discern what purchases were fraudulent and what
23  purchases were not. He has been available at every turn to
24  assist in the investigation.
25         We believe that he has been very, very honest with

1  us in terms of how the scheme -- how both schemes developed
2  and who participated.
3       And so we do ask the Court to honor the agreement
4  that the parties came to under 11(c)(1)(C) for a downward
5  departure from his guideline range, Judge.
6       And I believe that under the parties' agreement, we
7  ask the Court to sentence him to 40 percent of the low end of
8  the guideline range.  I think that is the 11(c)(1)(C) agreed
9  sentence between the parties.
10      We believe that, as serious as his offenses were,
11 he took it very seriously once he was confronted, and he has
12 done all that he can to try to make it up.
13      And so we do ask for that departure, Judge.
14      THE COURT:  Mr. Brunell.
15      MR. BRUNELL:  Judge, first of all, the probation
16 report is complete and it's accurate as to his background,
17 which is none.
18      Mr. Schwab is 43 years of age.  And once the FBI
19 and once the government came to him, as serious as the case
20 is, that's how serious he has taken it.
21      Your Honor, the government and the agents had
22 access to him at all times.  And I cannot estimate the
23 hundreds of hours that he has spent, thousands of documents,
24 it's fair to say, that he has gone over.  And the government
25 would have gotten where they are today probably without his

1  assistance. But certainly it was his assistance who
2  initiated and got this thing rolling to a great degree.
3         He has taken it seriously. Has not tried to shirk
4  responsibility by hiding and waiting to see if something was
5  going to come about.
6         He is a high school graduate who has worked his
7  entire life. And he got involved in this, and there is no
8  excuse for his behavior.
9         We would ask your Honor to concur in the
10 recommendation.
11        The 87 months is the low end. And as I do the
12 math, 40 percent of the low end would be 34.8, is the math of
13 the matter. I believe that under the circumstances, that
14 that would be a fair and appropriate disposition in this
15 matter.
16        THE COURT: Mr. Schwab, anything that you would
17 like to say before sentence is imposed?
18        THE DEFENDANT: I am very sorry. I know I hurt a
19 lot of people, and I just didn't think through things when
20 they were happening.
21        If I could go back and make it better, I would. I
22 am very sorry.
23        THE COURT: Mr. Schwab, I think I understand your
24 feelings, and I know that you expressed those when we were
25 here for the entering of a plea.

1        The fact that the parties reached an agreement
2   that, it seems to me, is very fair makes this an easier case
3   for me than it might otherwise be because, as you know, the
4   guideline range is pretty significant here.
5        The guidelines call for 87 to 108 months' sentence.
6   And although we are not bound by it -- you know, we can
7   impose a sentence that's reasonable -- it really is useful to
8   recognize that you made a significant contribution to working
9   this out for the government in such a way that they also
10  recognize that you are entitled to a break.
11       And I think that under the circumstances and my
12  confidence that you won't be a recidivist, you know, redoing
13  this kind of offense or another offense of the kind, it's
14  appropriate for me to impose the sentence that's agreed to
15  here of 40 percent of the guideline range, which is about a
16  35-month sentence.
17       I don't know whether I can impose 34.8, but I will
18  if I can.
19       MR. BRUNELL:  We are not going to -- I just did the
20  math.  I understand if you want to round up, that's 35.
21       THE COURT:  35 months is appropriate in this case.
22       And I can certainly address with you the other
23  issues that we need to cover.
24       Ms. Barsella already indicated that there will be
25  restitution amount owed here of 460 -- no.  I am sorry.

1            The forfeiture agreement is for $399,000.
2            MS. BARSELLA:  Correct.
3            THE COURT:  And the restitution amount is the
4    $461,000.
5            MS. BARSELLA:  Correct.
6            THE COURT:  Which includes $62,000 as to which --
7            MR. BRUNELL:  Which is relevant conduct.
8            THE COURT:  Relevant conduct.  Right.
9            Under the circumstances that you are going to have
10   a substantial financial obligation here, I am not going to
11   impose a fine.
12           And I won't impose the cost of supervision, but you
13   should know that following the period of custody, you will be
14   subject to a term of supervised release of two years on
15   Count 1, one year on Count 10.  And those will run
16   concurrently, so it's a total of two years.
17           During supervised release, Mr. Schwab, you are
18   required not to commit an offense of any kind, to complete --
19   follow the directions of the probation officer, to make
20   payments toward your restitution in the amount of 10 percent
21   of your net income per month.
22           You will not possess a weapon of any kind, and you
23   will provide the probation officer with any financial
24   information that the probation officer requests in addition
25   to paying any income tax that's outstanding.

1              I am going to direct that you not engage in any
2    unlawful use of controlled substances and that you submit to
3    drug testing at the direction of the probation officer.
4              The supervised release, again, will run
5    concurrently on those two counts, and I am going to waive the
6    cost of supervision and waive any interest that would
7    otherwise be due on the restitution obligation.
8              There is also a special assessment in the amount of
9    $200.  That's payable immediately.
10             There is a cost of prosecution that you have to
11   pay.  And that's in the amount of $500.  And that's payable
12   immediately.
13             But the other restitution amounts would be payable
14   at the rate of 10 percent of your net earnings during the
15   period of supervision and continuing until the amount is
16   paid.
17             I am willing to make a recommendation with respect
18   to any placement that would be requested.
19             MR. BRUNELL:  Judge, I was going to ask -- his
20   parents are elderly and have moved to Florida.  And there is
21   a camp at Pensacola.  If the Court would consider a
22   recommendation to the Pensacola camp or the closest camp to
23   Florida where his parents -- his parents currently live in
24   Venice, Florida.
25             THE COURT:  I will make that recommendation.

1                MR. BRUNELL:  Judge, may I ask for a surrender date
2    after June 28th?  His son is graduating from high school.  He
3    would like to attend that prior to his surrendering, if that
4    is acceptable.
5                THE COURT:  Why don't we make it July 5th.
6                MR. BRUNELL:  That's fine, your Honor.
7                THE COURT:  By that time there will be a
8    designation.  But I will certainly make the recommendation
9    that it be at Pensacola.
10               MS. BARSELLA:  Judge, will the preliminary
11   forfeiture order be made part of the sentence?
12               THE COURT:  I will enter that today, yes.
13               MR. BRUNELL:  There is no objection.
14               THE COURT:  All right.
15               And we already talked today, Mr. Schwab, about your
16   appeal rights and the fact that they are limited.
17               The only argument you would have left to you, just
18   so you are clear, is that you did not understand what you
19   were doing or didn't have the effective assistance of counsel
20   when you gave up your appeal rights.  But that's something we
21   have talked about.
22               You did have the advice of counsel in that
23   connection, correct?
24               THE DEFENDANT:  Yes.
25               THE COURT:  And that's a very limited right of

1  appeal in any event.
2      With that limitation in mind, your notice of appeal
3  should be filed within ten days. If you are unable to file a
4  notice of appeal, the court clerk would do that at your
5  request on your behalf.
6      Is there anything further this afternoon?
7      MR. BRUNELL: I don't believe so.
8      MS. BARSELLA: I don't believe so, Judge.
9      THE COURT: Thank you, sir. Good luck.
10     THE DEFENDANT: Thank you.
11     MR. BRUNELL: Thank you.
12     MS. BARSELLA: Judge, I believe that there were
13 other counts that the defendant --
14     THE COURT: And those should be dismissed on --
15     MR. BRUNELL: The plea was to Count 1 and Count 10.
16     THE COURT: Correct.
17     MS. BARSELLA: The other thing, Judge, is I believe
18 that there is tax due and owing. And so --
19     THE COURT: Normally that's not part of the
20 J and C.
21     MS. BARSELLA: No. Exactly.
22     MR. BRUNELL: That's right.
23     THE COURT: And I did mention it. I did mention --
24     MR. BRUNELL: It may be a possibility it may
25 happen, but it's not part of our proceedings today.

1  THE COURT: Correct.

2  MS. BARSELLA: And then, the $500 cost of
3  prosecution is on the tax count; is that correct, Judge?

4  THE COURT: It's on the tax count. That's right.
5  I should have made that clear.

6  MS. BARSELLA: Thank you, Judge.

7  THE COURT: Thank you.

8  (An adjournment was taken at 1:31 p.m.)

9          * * * * *

10 I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

11

12 F_____ _____, 2008.
   Official Court Reporter

13